# United States Court of Appeals
## For the First Circuit

––––––––––––

No. 23-1694

UNITED STATES, ex rel. Frederic P. Zotos and COMMONWEALTH OF
MASSACHUSETTS, ex rel. Frederic P. Zotos,

Plaintiffs, Appellants,

v.

TOWN OF HINGHAM; ROGER FERNANDES, individually and as former
Town Engineer; TOM MAYO, individually and as Town Administrator;
TED C. ALEXIADES, individually and as former Town Administrator,
former Town Accountant/Finance Director; KEVIN E. PAICOS,
individually and as former Town Administrator; and SUSAN
NICKERSON, individually and as Town Accountant,

Defendants, Appellees.

––––––––––––

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

––––––––––––

Before

Barron, Chief Judge,
Selya and Rikelman, Circuit Judges.

––––––––––––

Frederic P. Zotos, pro se, on brief for appellants.
Kerry T. Ryan, Bogle, DeAscentis & Coughlin, Douglas I.
Louison, Joseph A. Padolsky, and Louison, Costello, Condon & Pfaff,
LLP on brief for appellees.

April 8, 2024

SELYA, **Circuit Judge**.  An old motto teaches that "if at first you don't succeed, try, try again."  Thomas H. Palmer, The Teacher's Manual 223 (1840).  Whatever virtue such unfailing persistence may have in everyday life, it is an uncertain blueprint.  This case, in which relator-appellant Frederic P. Zotos tries once again to vindicate a purported grievance with municipal authorities, illustrates the point.

I

We briefly rehearse the relevant facts and travel of the case.  Because this appeal follows the district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we draw the facts from the plaintiff's complaint and its attachments.  See Lanza v. Fin. Indus. Regul. Auth., 953 F.3d 159, 161 (1st Cir. 2020).

Relator Frederic P. Zotos is an attorney residing in Cohasset, Massachusetts.  The Town of Hingham (the Town) is a municipality in Massachusetts, and the other defendants all were officials and administrators of the Town at times relevant to the complaint.

On multiple prior occasions, Zotos has been involved in litigation — either as a plaintiff or an attorney — against the

Town concerning the legality of various speed limit signs posted within its jurisdiction.[1]  Time and again, the Town has prevailed.

The latest skirmish in this long-running battle commenced on September 24, 2019, when Zotos filed a qui tam complaint in the United States District Court for the District of Massachusetts on behalf of the United States of America and the Commonwealth of Massachusetts under the federal False Claims Act (FCA), 31 U.S.C. §§ 3729(a)(1)(A)-(C), and the Massachusetts False Claims Act (MFCA), M.G.L. ch. 12, §§ 5B(a)(1)-(3).  The complaint first alleges that the Town and its officials posted speed limit signs and advisory speed plaques that did not comply with (and in some cases violated) applicable federal and state laws and regulations.  As of March 2012 — according to the complaint — the Town had posted at least twenty-six such speed limit signs and at least thirty-four such advisory speed plaques.  The complaint further alleges that the Town applied for and received reimbursements for these purportedly ultra vires speed limit signs and advisory speed plaques from both the federal government and the Commonwealth.  Building on this foundation, the complaint

_____

[1] The reader who hungers for greater details may wish to consult the following earlier opinions: Zotos v. Town of Hingham, No. 12-11126, 2013 WL 5328478 (D. Mass. Sept. 19, 2013), aff'd, No. 13-2308 (1st Cir. 2015); Zotos v. Town of Hingham, No. 13-13065, 2016 U.S. Dist. LEXIS 195835 (D. Mass. March 25, 2016); Belezos v. Bd. of Selectmen of Hingham, 94 N.E.3d 880 (Mass. App. Ct. 2017).

asserts that the defendants caused the Massachusetts Department of Transportation (MassDOT) to present false claims, records, and statements material to false claims to the Federal Highway Administration (FHWA) with respect to two separate projects administered under the Federal-Aid Highway Program (FAHP).  So, too, the defendants allegedly presented a plethora of false claims, records, and statements material to false claims to the MassDOT and were reimbursed pursuant to the Commonwealth's funding program for local transportation projects under Mass. Gen. Laws ch. 90, § 34 (Chapter 90).  In sum — according to the complaint — the Town fraudulently induced the federal government to pay it roughly $3,300,000 and the Commonwealth to pay it approximately $7,300,000.

On July 21, 2023, the district court, ruling on a joint defense motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissed the relator's complaint for failure to state a claim upon which relief could be granted.  See United States ex rel. Zotos v. Town of Hingham, No. 19-12002, 2023 WL 4686092, at *8 (D. Mass. July 21, 2023).  The district court first concluded that the qui tam action was not barred by either claim or issue preclusion.  See id. at *5.  Although Zotos had previously brought a number of similar lawsuits, the presence of the United States and the Commonwealth as the "real governmental parties in interest," it determined, meant that these doctrines of preclusion

did not apply.  See id.  The district court then found that Zotos's claims fell short of the FCA and MFCA's requirements.  See id. at *5-8.  In particular, it ruled that the relator failed sufficiently to plead that the alleged misrepresentations were in fact material to the federal government's and the Commonwealth's respective decisions.  See id. at *7-8.  This timely appeal ensued.

## II

We review the grant of a motion to dismiss for failure to state a claim de novo.  See SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010) (en banc).  We accept as true all well-pleaded facts set forth in the complaint and construe all reasonable inferences therefrom to the pleader's behoof.  See id.  To stave off dismissal, "[Zotos] need not demonstrate that [he] is likely to prevail, but [his] claim must suggest 'more than a sheer possibility that a defendant has acted unlawfully.'"  García-Catalán v. United States, 734 F.3d 100, 102-03 (1st Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  This inquiry requires that we separate factual allegations from conclusory ones and then evaluate whether the factual allegations support a "reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678-79.

As a threshold matter, we note that we need not decide the question of whether the doctrines of claim or issue preclusion bar Zotos's present qui tam action.  Although the district court

found that neither doctrine barred this action, it suggested that the question was ostensibly one of first impression in the Circuit. See Town of Hingham, 2023 WL 4686092, at *5.  Inasmuch as the defendants do not develop any legal arguments in their appellate briefing as to why the district court erred — they merely state in a perfunctory manner that the relator's prior litigation "appl[ies] to bar relitigation of Mr. Zotos' ultra vires claims in this case" — they are deemed to have waived any right to appeal the district court's determination.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

### III

"We have long held that the FCA is subject to a judicially-imposed requirement that the allegedly false claim or statement be material." United States ex rel. Loughren v. Unum Grp., 613 F.3d 300, 307 (1st Cir. 2010); see Universal Health Servs., Inc. v. United States ex rel. Escobar, 579 U.S. 176, 192 (2016) (explaining that "a misrepresentation about compliance with a statutory, regulatory, or contractual requirement must be material to the Government's payment decision").  Similarly, the MFCA has been read as requiring "proof that a false claim was material." Commonwealth ex rel. Minarik v. Tresca Bros. Concrete, Sand & Gravel, Inc., No. 1784-02608, 2021 WL 800111, at *3 (Mass.

Super. Ct. Jan. 25, 2021).  In this instance, Zotos takes issue with the district court's determination that he failed adequately to allege that the defendants' purported misrepresentations were material.  See Town of Hingham, 2023 WL 4686092, at *7-8.

A misrepresentation is material if it has "a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed." Neder v. United States, 527 U.S. 1, 16 (1999) (quoting United States v. Gaudin, 515 U.S. 506, 509 (1995)); see United States ex rel. Winkelman v. CVS Caremark Corp., 827 F.3d 201, 211 (1st Cir. 2016) (stating that fundamental inquiry of materiality focuses "on whether a piece of information is sufficiently important to influence the behavior of the recipient").  In ascertaining whether any individual misrepresentation is material, several non-dispositive factors are relevant.  See United States ex rel. Escobar, 579 U.S. at 194-95; see also Guilfoile v. Shields, 913 F.3d 178, 187 (1st Cir. 2019) ("Whether an express or implied false representation of compliance with statutes or regulations is 'material' is ordinarily 'a fact-intensive and context-specific inquiry.'" (quoting New York v. Amgen Inc., 652 F.3d 103, 111 (1st Cir. 2011))).  These factors include whether the government expressly identified compliance with a particular provision as a condition of payment, see United States ex rel. Escobar, 579 U.S. at 194, whether the government paid "a particular type of claim in

full despite actual knowledge that certain requirements were violated, and has signaled no change in position," id. at 195, and whether the noncompliance in question goes to "the very essence of the bargain," id. at 193 n.5, or is merely "minor or insubstantial," id. at 194.

Here, Zotos argues that he adequately alleged that the defendants' purported misrepresentations to the FHWA and to the MassDOT were material. We do not agree. We explain briefly why this is the case in respect to his allegations regarding the FAHP before turning to those dealing with the Chapter 90 program.

**A**

On appeal, Zotos argues that his complaint adequately alleged materiality with respect to his allegations concerning the FAHP. First, he contends, the complaint stated that the government expressly conditioned reimbursement upon the defendants' certification that they adhered to the applicable federal laws, regulations, and guidelines. Under the first aforementioned factor, he avers, this constitutes evidence of materiality. Second, he asserts that the complaint merely alleged that the government was unaware of the falsity of the defendants' claims — and that there was no allegation that it continued to reimburse the defendants despite knowing that they were not complying with the various requirements. In turn, under the second non-dispositive factor, this allegation does not undercut the

materiality of the purported misrepresentations. Third, he submits, "this is not a case about 'minor or insubstantial noncompliance' with relatively ancillary regulations," but is rather about violations that are "by definition antithetical to the successful operation of the Government's Federal-Aid Highway Programs."

We are not persuaded. To begin, it is unclear from the complaint whether the defendants actually certified (or caused the MassDOT to certify) that they adhered to the applicable laws, regulations, and guidelines when they sought reimbursement. Moreover, even if the complaint had alleged that the defendants made such a certification, it is far from clear that the resulting certification would have been material. After all, as the district court noted, "there is no express indication on [the relevant reimbursement form] that compliance with regulations related to the establishment of speed limits signs was necessary for federal funding." Town of Hingham, 2023 WL 4686092, at *8.

Zotos's contention that his complaint merely alleged that the government was unaware of the falsity of the defendants' claims is likewise unavailing. Even assuming that this is the case, we take note of the fact that, by the time that Zotos had filed the present complaint, he had already initiated a number of similar lawsuits advancing nearly identical allegations — and the government had nonetheless continued to fund the defendants'

projects.  See Banco Santander de P.R. v. Lopez-Stubbe (In re
Colonial Mortg. Bankers Corp.), 324 F.3d 12, 15 (1st Cir. 2003)
(explaining that appellate court may "consider not only the
complaint but also matters fairly incorporated within it and
matters susceptible to judicial notice").

        Finally, despite Zotos's strenuous efforts to convince
us otherwise, we agree with the district court that "the very
essence of the bargain" undergirding FAHP funding was that the
"MassDOT incurred permissible costs on FAHP projects that were
duly reimbursed."  Town of Hingham, 2023 WL 4686092, at *8.
Zotos's complaint does not allege that the defendants sought
reimbursement for nonexistent or duplicative costs.  Instead, its
sole allegation is that the defendants sought reimbursement for
FAHP projects carried out on roadways featuring ultra vires highway
signs.  In view of the "essence of the bargain" at issue here,
this alleged violation amounts at best to the kind of ancillary
violation for which "the Government would be entitled to refuse
payment were it aware," United States ex rel. Escobar, 579 U.S. at
195 — but this, without more, is insufficient to establish
materiality.

**B**

        We reach a similar conclusion with respect to Zotos's
allegations concerning the Chapter 90 program.  In particular, we

- 11 -

find that the complaint falls short of alleging materiality under the latter two non-dispositive factors.[2]

The complaint explicitly noted that in July of 2012 Zotos alerted the MassDOT about the defendants' purported misrepresentations and requested that it withhold or withdraw funding earmarked for the Town.  The complaint further asserted that the General Counsel of the MassDOT responded to Zotos and denied his request and, thereafter, the Commonwealth continued to provide the Town with Chapter 90 funding.

This sequence of events constitutes "strong evidence" that the requirements in question were not material to the Commonwealth's decision-making process.  Id.  By the same token, the complaint failed to allege materiality under the third aforementioned factor.  The essence of the Chapter 90 bargain was that the Commonwealth reimbursed the Town for money that it spent on approved transportation projects.  Given that the complaint did not allege that the defendants received funding from the Commonwealth for projects that it never carried out but, rather, only that they were reimbursed for projects carried out on roads

---

[2] Although an argument could be made that the complaint's allegation that the defendants certified that they complied with the applicable Massachusetts laws and regulations weighs in favor of materiality, we do not read Zotos's papers as having explicitly alleged that compliance was expressly identified as a condition of payment.  Consequently, any such argument has been waived.  See Zannino, 895 F.2d at 17.

featuring illegal signage, we hold that it did not adequately plead materiality under the third non-dispositive materiality factor. Under the holistic materiality inquiry, the complaint thus did not sufficiently plead that the defendants' purported misrepresentations were material.

IV

We need go no further.  For the reasons elucidated above, the judgment of the district court is

**Affirmed**.